IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094 <br><br> THIS DOCUMENT RELATES TO ALL CASES <br><br> JUDGE KAREN SPENCER MARSTON |
| PATRICIA IMLER, <br> Plaintiff(s) <br><br> v. <br><br> NOVO NORDISK INC., NOVO NORDISK A/S, ELI LILLY AND COMPANY, and LILLY USA, LLC, <br> Defendant(s). | COMPLAINT AND JURY DEMAND <br><br> CIVIL ACTION NO.: _____ |

### SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

**IDENTIFICATION OF PARTIES**

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): **Patricia Imler**.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: **[Not Applicable]**, as **[Not Applicable]** of the estate of **[Not Applicable]**, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): **[Not Applicable]**.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: **[Not Applicable]**.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

    **XX** Novo Nordisk Inc.

    **XX** Novo Nordisk A/S

    **XX** Eli Lilly and Company

    **XX** Lilly USA, LLC

    _____ other(s) (identify): _____

**JURISDICTION AND VENUE**

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

    Columbus, Ohio (Franklin County)

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

    Ohio

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

    Ohio

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

    Columbus, Ohio (Franklin County)

10. Jurisdiction is based on:

    __XX__ diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____ other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    United States District Court for the Southern District of Ohio, United States District Court for the District of Delaware, United States District Court for the District of New Jersey, and United States District Court for the Southern District of Indiana

12. Venue is proper in the District Court identified in Paragraph 11 because:

    __XX__ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

3

__XX__ other (plead in sufficient detail as required by applicable rules):

Defendant, Novo Nordisk Inc., is and at all relevant times has been a Delaware Corporation with a principal place of business at 800 Scudders Mill Road, Plainsboro, New Jersey 08536.

Defendants, Eli Lilly and Company and Lilly USA, LLC, are and at all relevant times have been respectively an Indiana corporation and an Indiana limited liability company with a principal place of business at 893 South Delaware Street, Indianapolis, Indiana 46225.

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

[Not Applicable]

## PRODUCT USE

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

   __XX__ Ozempic (semaglutide)

   _____ Wegovy (semaglutide)

   _____ Rybelsus (oral semaglutide)

   _____ Victoza (liraglutide)

   _____ Saxenda (liraglutide)

   __XX__ Trulicity (dulaglutide)

   _____ Mounjaro (tirzepatide)

   _____ Zepbound (tirzepatide)

   _____ Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

   Ozempic (semaglutide) - Approximately 06/2022 to 01/2024
   Trulicity (dulaglutide) - Approximately 09/2020 to 10/2024

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

    **XX** Gastroparesis

    **XX** Other gastro-intestinal injuries (specify) _Nausea, vomiting, constipation, diarrhea, bloating, early satiety, and pain_

    \_\_\_\_\_ Ileus

    \_\_\_\_\_ Ischemic Bowel/Ischemic Colitis

    \_\_\_\_\_ Intestinal Obstruction

    \_\_\_\_\_ Necrotizing Pancreatitis

    \_\_\_\_\_ Gallbladder Injury (specify) _____

    \_\_\_\_\_ Micronutrient Deficiency

    \_\_\_\_\_ Wernicke's encephalopathy

    \_\_\_\_\_ Aspiration

    \_\_\_\_\_ Death

    \_\_\_\_\_ Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

    **Approximately 12/2022 to 01/2024**

6

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

**XX**   Injury to self

\_\_\_\_\_ Injury to person represented

**XX**   Economic loss

\_\_\_\_\_ Wrongful death

\_\_\_\_\_ Survivorship

\_\_\_\_\_ Loss of services

\_\_\_\_\_ Loss of consortium

\_\_\_\_\_ other(s) (specify): _____

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

- **XX** Count I: Failure to Warn – Negligence
- **XX** Count II: Failure to Warn – Strict Liability
- **XX** Count III: Breach of Express Warranty/Failure to Conform to Representations
- **XX** Count IV: Breach of Implied Warranty
- **XX** Count V: Fraudulent Concealment/Fraud by Omission
- _____ Count VI: Fraudulent/Intentional Misrepresentation
- **XX** Count VII: Negligent Misrepresentation/Marketing
- **XX** Count VIII: Strict Product Liability Misrepresentation/Marketing
- _____ Count IX: Innocent Misrepresentation/Marketing
- _____ Count X: Unfair Trade Practices/Consumer Protection (see below)
- **XX** Count XI: Negligence
- **XX** Count XII: Negligent Undertaking
- **XX** Count XIII: State Product Liability Act (see below)
- _____ Count XIV: Wrongful Death
- _____ Count XV: Loss of Consortium
- _____ Count XVI: Survival Action
- **XX** Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):
Discovery rule and equitable tolling of statutes of limitations

_____

_____

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:
[Not Applicable]_____

_____

b. Identify the factual allegations supporting those claims (by subsection, if applicable):
[Not Applicable]_____

_____

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

   a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

   > R.C. § 2307.71, et seq. - R.C. § 2307.71 provides, "'Product liability claim' means a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:...(b) Any warning or instruction, or lack of warning or instruction, associated with that product; (c) Any failure of that product to conform to any relevant representation or warranty."

   > N.J.S.A. 2A:58C-1, et seq. - N.J.S.A. 2A:58C-2 provides, "A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it:...b. failed to contain adequate warnings or instructions...."

   > IC 34-20-1-1, et seq. - IC 34-20-4-2 provides, "Sec. 2. A product is defective under this article if the seller fails to: (1) properly package or label the product to give reasonable warnings of danger about the product; or (2) give reasonably complete instructions on proper use of the product; when the seller, by exercising reasonable diligence, could have made such warnings or instructions available to the user or consumer."

   b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

   > R.C. § 2307.71, et seq. - All causes of action are subsumed other than breach of implied warranty.

   > N.J.S.A. 2A:58C-1, et seq. - Claims under New Jersey law are pled in the alternative, but, to the extent applicable, causes of action for negligence, strict liability, and implied warranty would be subsumed.

   > IC 34-20-1-1, et seq. - Claims under Indiana law are pled in the alternative, but, to the extent applicable, causes of action for negligence and strict liability would be subsumed.

   c. Identify the factual allegations supporting those claims:

   > Plaintiff incorporates by reference the Amended Master Long Form Complaint and Demand for Jury Trial.

\* *Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? [No separate pre-suit notice has been provided to Defendants]. If so, attach such notice.

10

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: December 16, 2025

By:

Jessica W. Hayes (Louisiana 28927)

Murray Law Firm

701 Poydras Street, Suite 4250

New Orleans, Louisiana 70139

Telephone: (504) 525-8100 / Facsimile: (504) 584-5249

E-mail: jhayes@murray-lawfirm.com